# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

CHAD A. COBURN, )
)
        Plaintiff, )
)
v. )    No. CIV 15-195-RAW-SPS
)
TIM WILKINSON, et al., )
)
        Defendants. )

## OPINION AND ORDER

This action is before the Court on the defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and the Court's own motion to consider dismissal of the case under 28 U.S.C. § 1915. The Court has before it for consideration Plaintiff's complaint (Dkt. 1), the defendants' motion (Dkt. 19), and Plaintiff's response to the motion (Dkt. 23).

Plaintiff, an inmate in the custody of the Oklahoma Department of Corrections (DOC) who is incarcerated at Davis Correctional Facility, a private prison in Holdenville, Oklahoma, brings this action under the authority of 42 U.S.C. § 1983, seeking monetary damages for alleged constitutional violations during his incarceration at DCF. The defendants are DCF Warden Tim Wilkinson and DCF Property Officers Ms. Jo Cartwright and Ms. Morrison.

Plaintiff alleges that on June 17, 2014, at approximately 4:30 a.m., he was escorted to "segregation" from the DCF kitchen. He claims he received a property inventory sheet that listed none of his appliances or clothing, so he verbally notified DCF staff about his lost/damaged/stolen personal property. Plaintiff contends the defendants maliciously neglected their own policies, procedures, and protocol by failing to do their jobs, resulting in a denial of Plaintiff's property interest, due process rights, and equal protection rights. He argues he has a property interest in the missing personal property and in the money on deposit in his prison accounts which was used to pay for his appliances and clothes.

The defendants allege Plaintiff has failed to state a claim upon which relief may be granted. A district court may dismiss a pro se complaint for failure to state a claim under 28 U.S.C. § 1915 "only where it is obvious that the plaintiff cannot prevail on the facts he has alleged, and it would be futile to give him an opportunity to amend." *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007) (quotation omitted). "In determining whether dismissal is proper, we must accept the allegations of the complaint as true and we must construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff." *Trujillo v. Williams*, 465 F.3d 1210, 1224 (10th Cir. 2006) (quotation omitted).

"We apply the same standard of review for dismissals under § 1915(e)(2)(B)(ii) that we employ for Federal Rule of Civil Procedure 12(b)(6) motions to dismiss for failure to state a claim." *Kay*, 500 F.3d at 1217. This includes the plausibility standard of *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). *Id.* at 1218 (applying *Twombly* to a § 1915 dismissal). The Court must "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief," *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007), and consider adequate only those claims that raise a right to relief above the speculative level, *Twombly*, 550 U.S. at 555.

Although the court is required to exercise a liberal interpretation of the plaintiff's pleadings, *Haines v. Kerner*, 404 U.S. 519 (1972), the court need not assume the role of advocate for the plaintiff, and he must present more than conclusory allegations to survive a motion to dismiss for failure to state a claim, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Id.* (citing cases). With these standards in mind, the court turns to the merits of the defendants' motion.

The defendants allege the materials submitted with the complaint establish that due process was provided with respect to Plaintiff's property. The Personal Property Receipt, dated June 17, 2014, notes Plaintiff was assigned to Cell No. AS 108, and the property was

2

"packed and secured ASAP" by Officer Qualls and moved to the property office by Defendant Cartwright (Dkt. 1 at 18). Plaintiff acknowledges in his complaint that the correct cell was indicated on the property receipt. *Id.* at 14. Plaintiff submitted a Lost/Damaged/Stolen Property Claim form 14-6D, dated June, 21, 2014. *Id*. at 20. The form noted that at the time of the form's submission, Plaintiff was assigned to Cell 209 on the Fox Charlie Pod, but Plaintiff contends he never stayed in No. 209. *Id.* Plaintiff acknowledged on the form that he had no proof of ownership of the property he reported with the claim. *Id.*

Plaintiff's property claim was designated Claim No. 2014-76. *Id.* at 21. Defendant Cartwright investigated and denied the claim on June 24, 2014, and Defendant Warden Wilkinson reviewed and approved the decision on July 8, 2014. *Id.* Plaintiff refused to sign the decision. *Id.* He submitted an appeal of the denied claim dated August 28, 2014. *Id.* at 22. The appeal was denied by Warden Wilkinson on September 3, 2014. *Id.*

The procedural due process guarantee found in the Fourteenth Amendment "ensures that a state will not deprive a person of life, liberty or property unless fair procedures are used in making that decision." *Kirkland v. St. Vrain Valley Sch. Dist.*, 464 F.3d 1182, 1189 (10th Cir. 2006). To state a procedural due process claim, a plaintiff must show that (1) he has a constitutionally protected property interest, and (2) he was not afforded an appropriate level of process. *Couture v. Bd. of Educ. of Albuquerque Pub. Sch.*, 535 F.3d 1243, 1256 (10th Cir. 2008).

The Supreme Court has stated that an unauthorized deprivation of property does not violate the due process clause if a meaningful post-deprivation remedy is available. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). A due process violation exists only if the post-deprivation procedure is unresponsive or inadequate. *Freeman v. Dep't of Corr.*, 949 F.2d 360, 362 (10th Cir. 1991). Prison grievance procedures can provide an adequate post-deprivation remedy. *Hudson*, 468 U.S. at 536 n.15. *See also Griffin v. Hickenlooper*, 549 F.App'x 823, 828-29, 2013 WL 1130439 (10th Cir. 2013).

The materials attached to Plaintiff's complaint clearly show that DCF had a policy in place to address the loss of inmate property, and Plaintiff utilized the procedures set forth in the policy. His claim was submitted, investigated, denied, and reviewed by the facility head before it was returned to Plaintiff. *Id.* at 20-21. Plaintiff then filed an appeal in accordance with the policy, and the warden reviewed and denied the appeal. *Id.* at 22.

The Court finds Plaintiff received the full measure of due process to which he was entitled. The fact that his claim was denied does not equate to a denial of due process. Plaintiff also had remedies under Oklahoma law to challenge an alleged deprivation of property. See Okla. Stat. tit. 51, §§ 151-171 (The Governmental Tort Claims Act). Therefore, Plaintiff's due process claim fails.

As for his equal protection claim, Plaintiff asserts the prison staff choose to help some, but not all, inmates with personal property claims. To state a claim under the Equal Protection Clause, Plaintiff must allege he was treated differently because of a suspect classification, or alternatively, that he was treated differently than those similarly situated, without regard to a legitimate penological purpose. *Templeman v. Gunter*, 16 F.3d 367, 371 (10th Cir. 1994) (citing *Turner v. Safley*, 482 U.S. 78, 89 (1987)). Plaintiff is not claiming he was treated differently because of any suspect classification. He, therefore, must (1) allege he was treated differently from other inmates, and (2) "allege facts sufficient to overcome a presumption of government rationality." *Brown v. Zavaras*, 63 F.3d 967, 971 (10th Cir. 1995). Furthermore, "a court must presume that government actions are rational." *Id.* (quoting *Wroblewski v. City of Washburn*, 965 F.2d 452, 460 (7th Cir. 1992).

The Court finds Plaintiff has failed to alleged sufficient facts to support an equal protection claim against any of the defendants, and amendment of the complaint would be futile. Therefore, Plaintiff has failed to state an equal protection claim.

Based on the foregoing reasons the Court finds the allegations in Plaintiff's complaint are vague and conclusory, and the allegations do not rise to the level of a constitutional violation. The Tenth Circuit Court of Appeals consistently has held that bald conclusions,

4

unsupported by allegations of fact, are legally insufficient, and pleadings containing only such conclusory language may be summarily dismissed or stricken without a hearing. *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989), *cert. denied*, 493 U.S. 1059 (1990); *Lorraine v. United States*, 444 F.2d 1 (10th Cir. 1971). "Constitutional rights allegedly invaded, warranting an award of damages, must be specifically identified. Conclusory allegations will not suffice." *Wise v. Bravo*, 666 F.2d 1328, 1333 (10th Cir. 1981) (citing *Brice v. Day*, 604 F.2d 664 (10th Cir. 1979), *cert. denied*, 444 U.S. 1086 (1980)).

The Court authorized commencement of this action *in forma pauperis* under the authority of 28 U.S.C. § 1915. Subsection (e) of that statute permits the dismissal of a case when the Court is satisfied that the complaint is without merit in that it lacks an arguable basis either in law or fact. *Nietzke v. Williams*, 490 U.S. 319 (1989); *Yellen v. Cooper*, 828 F.2d 1471, 1475 (10th Cir. 1987).

**ACCORDINGLY,** this action is, in all respects, DISMISSED for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). This dismissal shall count as a STRIKE, pursuant to 28 U.S.C. § 1915(g).

**IT IS SO ORDERED** this 19th day of September 2016.

**Dated this 19th day of September, 2016.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma